**ARMOUR–DIAL MEN'S CLUB, INC., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 81–2668.

United States Court of Appeals, Seventh Circuit.

Submitted May 16, 1983.*

Decided June 2, 1983.

Matthias A. Lydon, Pierce, Lydon, Griffin & Montana, John A. Dienner, III, Chicago, Ill., for petitioner-appellant.

John H. Menzel, Director, Tax Litigation Div., IRS, Michael L. Paup, Chief, Appellate Sec., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax. Div., Justice Dept., Washington, D.C., for respondent-appellee.

Before CUMMINGS, Chief Judge, and WOOD and CUDAHY, Circuit Judges.

CUMMINGS, Chief Judge.

This is an appeal from a decision of the United States Tax Court sustaining the Commissioner's disallowance of certain tax deductions taken by the petitioner Armour-Dial Men's Club, Inc., on the ground that the petitioner was a "membership organization," "not exempt from taxation," "operated primarily to furnish services or goods to members," and subject to the deduction limitation in 26 U.S.C. § 277(a). We affirm.

I

This case involves alleged deficiencies in the petitioner's federal income tax for the taxable years ending March 31, 1974, and March 31, 1975. During those years the petitioner was a not-for-profit corporation that was not exempt from federal taxation. Its membership was limited to current sala-

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). Petitioner-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

ried employees and retired employees of Armour-Dial, Inc. (Armour), a corporation that manufactures various consumer products. The petitioner's purpose, as stated in its Certificate of Incorporation and By-Laws, was:

> To promote a better social relationship among the salaried and steady time employees [of Armour], and to promote athletics, recreational activities, and such other enterprises as will create a more friendly relationship and harmony in the organization and will by the exchange of thoughts and ideas, be of mutual benefit to all concerned.

To that end the petitioner sponsored approximately ten major recreational, entertainment, and social functions for its members during each of the years in question. These functions were paid for with funds from two sources: (1) membership initiation fees and dues; and (2) gross profits from a retail store operated by the petitioner at which it sold reject soap, detergent, and other products purchased from Armour, usually at factory cost or less.[1]

Although Armour had no ownership interest in the petitioner, it supported and, to a certain extent, controlled the petitioner's activities. For example, Armour permitted the petitioner to use its bulletin boards; it assisted the petitioner in matters such as delivery of the products, mail, and copying; it permitted the petitioner to conduct business on company time; and it imposed restrictions on the store's operation, requiring products to be unwrapped before sale, prohibiting advertising, and directing the club to take certain products. Armour also collected membership dues for the petitioner by making deductions from individual members' payroll checks. Armour fully intended the petitioner to use all of its income to finance membership "functions" and would not have permitted the petitioner to operate otherwise.

Armour maintained its relationship with the petitioner for at least two reasons. First, Armour viewed membership in the petitioner as a benefit to its employees,[2] and believed that the petitioner's functions were beneficial to its own business activities by inducing lower employee turnover and promoting harmonious employee relationships. Second, Armour benefited from the petitioner's retail store to the extent the store provided a means for Armour to dispose of its reject products under circumstances that would prevent the products from entering into regular distribution channels.

During the tax years in question the petitioner deducted from its income all expenditures for membership activities, most of which were attributable to the costs of its "functions," even though the bulk of the income was generated by its retail activities. The Commissioner disallowed these deductions to the extent they exceeded the income derived from the petitioner's membership fees and dues, and determined deficiencies for the respective tax years. The petitioner filed for a redetermination. The United States Tax Court entered a decision for the Commissioner, reasoning that the petitioner was a "membership organization," "not exempt from taxation," "operated primarily to furnish services or goods to its members," and, under 26 U.S.C. § 277(a),[3] entitled to deductions for each

---

1. The petitioner's relevant income and expenditures for the respective tax years were as follows:

| Income | 1974 | 1975 |
|---|---|---|
| Initiation fees and dues | $ 3,518.05 | $ 4,087.25 |
| Gross profits from retail sales | 65,413.23 | 85,638.10 |
| Expenditures | | |
| Membership "functions" | 43,318.61 | 53,076.14 |

2. Armour distributed a brochure through its personnel department so that new salaried employees could become aware of club membership as a "fringe benefit."

3. Section 277(a) provides in part:

> In the case of a social club or other membership organization which is operated primarily to furnish services or goods to members and which is not exempt from taxation, deductions for the taxable year attributable to furnishing services, insurance, goods, or other items of value to members shall be

tax year "only to the extent of income derived during such year from members or transactions with members." *Armour-Dial Men's Club, Inc. v. Commissioner,* 77 T.C. 1 (1981). The petitioner appeals from that decision.

## II

In this appeal the petitioner challenges the Tax Court's finding that the petitioner "operated primarily to furnish services or goods to members."[4] As that finding was a factual one, *see Associated Master Barbers & Beauticians v. Commissioner,* 69 T.C. 53, 74 (1977), this Court will not set it aside unless it was "clearly erroneous." *See Nickerson v. COR,* 700 F.2d 402, 405 (7th Cir.1983).

The Tax Court, evaluating the petitioner's operations under an "objective test," based its finding on the following factors: (1) "the focus of petitioner's activities consisted of sponsoring approximately ten major social functions a year"; (2) the "expenditures for these events were approximately 13 to 14 times greater than the amounts of membership income"; and (3) the petitioner's retail sales "functioned chiefly as a means of enabling petitioner's members to attend the various functions it sponsored at a reduced or no cost." The petitioner argues that the court's determination was incorrect in that the relationship between itself and Armour demonstrated that its "primary purpose" was actually to benefit Armour, and thus "by definition" the petitioner could not be said to have "operated primarily to furnish services or goods to members." We reject this argument.

The plain language of Section 277 indicates that the proper inquiry in a case such as this is how a membership organization "operates." *See Matter of Chicago, Mil-*

*waukee, St. Paul and Pacific R.R. Co.,* 673 F.2d 169, 172 (7th Cir.1982) (citing *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 201, 96 S.Ct. 1375, 1385, 47 L.Ed.2d 668 (1976)) ("Where the statutory language is 'sufficiently clear in its context,' we need look no further in interpreting the statute."). The Tax Court made that inquiry and determined that the petitioner operated to provide social, recreational, and entertainment functions for its members at a reduced cost or no cost. That is precisely the type of activity that Section 277 was meant to affect. *See* S.Rep. No. 552, 91st Cong., 1st Sess. 74, *reprinted in* 1969 U.S.Code Cong. & Ad.News 2027, 2103 ("The purpose [of Section 277] is to prevent membership organizations from escaping tax on business ... income by using this income to serve its members at less than cost and then deducting the book 'loss.' "); *Associated Master Barbers & Beauticians v. Commissioner,* 69 T.C. at 72 (further legislative history collected). The fact that an underlying "purpose" of the petitioner's existence (admittedly one fostered by Armour) was to make its members happy and thus more effective in their work does not alter the focus of the organization's operation, which was to sponsor the "functions." Nor is there any serious argument that the petitioner, though indirectly providing a benefit to Armour by providing a secure retail outlet, was "operated primarily" to that end. The Tax Court's finding that the petitioner "operated primarily to furnish services or goods to members" was not clearly erroneous. Accordingly, the decision of the Tax Court is affirmed.

allowed only to the extent of income derived during such year from members or transactions with members. . . .

**4.** In a closing footnote in its brief (p. 16, n. 2) the petitioner also argues that this case must be reversed because Section 277(a) permits deductions "to the extent of income derived ... from ... transactions with members," and the

Tax Court ignored that fact that many of the petitioner's retail sales were to its own members. The petitioner did not raise this argument in the Tax Court. Thus it is not properly before us in this appeal. *See, e.g., Phillips v. Hunter Trails Community Ass'n,* 685 F.2d 184, 191 (7th Cir.1982).